LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ANTONIO ALDANA,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class*,

      Plaintiff,

      **v.**

FOOD IDEA INC.
    d/b/a BOON THAI,
WANGSAROJ INC.
    d/b/a BOON THAI,
PETCHROONGKIT CORP.
    d/b/a THAI HOLIC,
CHARLIE PENG,
SOMPOPE WANG SAROJ,
BOON SAROJ,
NERAPHAN HEMMASIRI,
KANUNGPANG ROONGTHANA
and MYUNG BYUNG HO,

      Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff, ANTONIO ALDANA ("Plaintiff"), on behalf of himself and others similarly

situated, by and through his undersigned attorneys, hereby files this Class and Collective

Action Complaint against Defendants, FOOD IDEA INC. d/b/a BOON THAI, WANGSAROJ

INC. d/b/a BOON THAI, PETCHROONGKIT CORP. d/b/a THAI HOLIC ("Corporate Defendants"), CHARLIE PENG, SOMPOPE WANG SAROJ, BOON SAROJ, NERAPHAN HEMMASIRI, KANUNGPANG ROONGTHANA and MYUNG BYUNG HO (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wage due to an invalid tip credit, (2) unpaid overtime compensation, (3) tips illegally retained by Defendants, (4) liquidated damages and (5) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wage due to an invalid tip credit, (2) unpaid overtime compensation, (3) tips illegally retained by Defendants, (4) improper meal credit deductions, (5) unpaid spread-of-hours premium, (6) statutory penalties, (7) liquidated damages and (8) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.     Plaintiff ANTONIO ALDANA is a resident of Kings County, New York.

6.     Defendants operate an enterprise comprised of two Thai restaurants in Brooklyn with trade names and addresses as follows:

(a)     Boon Thai - 681 Manhattan Avenue, Brooklyn, NY 11222; and

(b)     Thai Holic - 372 Myrtle Avenue, Brooklyn, NY 11205.

(collectively "Thai Restaurants").

7.     The Thai Restaurants operate as a single integrated enterprise. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose. The Thai Restaurants are commonly owned and operated by the Individual Defendants, SOMPOPE WANG SAROJ, BOON SAROJ and NERAPHAN HEMMASIRI. Supplies and employees are interchangeable among the two Thai Restaurants. Defendants implement the same employment policies and practices across all the Thai Restaurants in Brooklyn.

8.     Corporate Defendants:

(a)     Corporate Defendant FOOD IDEA INC. d/b/a BOON THAI is a domestic business corporation organized under the laws of the State of New York, with a principle place of business located at 681 Manhattan Avenue, Brooklyn, NY 11222 and an address for service of process located at 85-33 54th Avenue, Suite 3, Elmhurst, NY 11373.

(b)     Corporate Defendant WANGSAROJ INC. d/b/a BOON THAI is a domestic business corporation organized under the laws of the State of New York, with a principle place of business located at 681 Manhattan Avenue, Brooklyn, NY 11222 and an address for service of process located at 9410 60th Avenue, Apt. 2D, East Elmhurst, NY 11373.

(c)     Together, Corporate Defendants FOOD IDEA INC. and WANGSAROJ INC. operate the Thai restaurant under the trade name "Boon Thai", located at 681 Manhattan Avenue, Brooklyn, NY 11222.

(d)     Corporate Defendant PETCHROONGKIT CORP. d/b/a THAI HOLIC is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 372 Myrtle Avenue, Brooklyn, NY 11205.

9.     Individual Defendants:

(e)     Individual Defendant CHARLIE PENG was an owner of each of Corporate Defendants until approximately July 5, 2015, when Individual Defendants SOMPOPE WANG SAROJ, BOON SAROJ and NERAPHAN HEMMASIRI took over the ownership and management of each of Corporate Defendants from him. CHARLIE PENG exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. CHARLIE PENG had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to CHARLIE PENG regarding any of the terms of their employment, and CHARLIE PENG would have the authority to effect any changes to the quality and terms of employees' employment. CHARLIE PENG regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. CHARLIE PENG ensured that employees effectively serve customers and that the business is operating efficiently and profitably. CHARLIE PENG exercised functional control over the business and financial operations of each of Corporate Defendants.

(f)     Individual Defendant SOMPOPE WANG SAROJ is an owner of each of Corporate Defendants. SOMPOPE WANG SAROJ exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. SOMPOPE WANG SAROJ had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to SOMPOPE WANG SAROJ regarding any of the terms of their employment, and SOMPOPE WANG SAROJ would have the authority to effect any changes to the quality and terms of employees' employment. SOMPOPE WANG SAROJ regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. SOMPOPE WANG SAROJ ensured that employees effectively serve customers and that the business is operating efficiently and profitably. SOMPOPE WANG SAROJ exercised functional control over the business and financial operations of each of Corporate Defendants.

(g)     Individual Defendant BOON SAROJ is an owner of each of Corporate Defendants. BOON SAROJ exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. BOON SAROJ had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to BOON SAROJ regarding any of the terms of their employment, and BOON SAROJ would have the authority to effect any changes to the quality and terms of employees' employment. BOON SAROJ regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. BOON SAROJ ensured that employees effectively serve customers and that the

business is operating efficiently and profitably. BOON SAROJ exercised functional control over the business and financial operations of each of Corporate Defendants.

(h)     Individual Defendant NERAPHAN HEMMASIRI is an owner of each of Corporate Defendants. NERAPHAN HEMMASIRI exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. NERAPHAN HEMMASIRI had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to NERAPHAN HEMMASIRI regarding any of the terms of their employment, and NERAPHAN HEMMASIRI would have the authority to effect any changes to the quality and terms of employees' employment. NERAPHAN HEMMASIRI regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. NERAPHAN HEMMASIRI ensured that employees effectively serve customers and that the business is operating efficiently and profitably. NERAPHAN HEMMASIRI exercised functional control over the business and financial operations of each of Corporate Defendants.

(i)     Individual Defendant KANUNGPANG ROONGTHANA is a co-principal of Corporate Defendant, PETCHROONGKIT CORP d/b/a THAI HOLIC. KANUNGPANG ROONGTHANA exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. KANUNGPANG ROONGTHANA had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to KANUNGPANG ROONGTHANA regarding any of the terms of their employment, and

KANUNGPANG ROONGTHANA would have the authority to effect any changes to the quality and terms of employees' employment. KANUNGPANG ROONGTHANA regularly visited the restaurant and directly reprimanded any employee who did not perform his duties correctly.

(j)    Individual Defendant MYUNG BYUNG HO is a co-prinicpal of Corporate Defendant PETCHROONGKIT CORP d/b/a THAI HOLIC. MYUNG BYUNG HO exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. MYUNG BYUNG HO had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to MYUNG BYUNG HO regarding any of the terms of their employment, and MYUNG BYUNG HO would have the authority to effect any changes to the quality and terms of employees' employment. MYUNG BYUNG HO regularly visited the restaurant and directly reprimanded any employee who did not perform his duties correctly.

10.    At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

11.    At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.    Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including cooks, food preparers, dishwashers, cashiers, hosts/hostesses, porters, bartenders, barbacks, servers, runners,

bussers and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime compensation at the rate of one and one-half times the regular hourly rate for hours worked in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

14.     In addition, a subgroup of FLSA Collective Plaintiffs who worked as tipped employees, suffered from Defendants' policies of (i) not paying them the required minimum wage by claiming an invalid tip credit and (ii) unlawfully retaining a portion of tips earned by tipped employees. Defendants were not entitled to take any tip credits under the FLSA, because they failed to properly provide notice to all tipped employees that Defendants were taking a tip credit, failed to provide tipped employees with wage statements indicating the total amount of tip allowance taken or the hourly rate of tip credit deduction, illegally retained a portion of tips earned by tipped employees and required tipped employees to spend at least two (2) hours or twenty percent (20%) of each shift worked performing non-tipped tasks. Plaintiff ANTONIO ALDANA is a tipped employee.

15.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this

action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16.    Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including cooks, food preparers, dishwashers, cashiers, hosts/hostesses, porters, bartenders, barbacks, servers, runners, bussers and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18.    The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of servers, bussers, runners, bartenders, barbacks and delivery persons ("Tipped Subclass") who also number more than forty (40). Plaintiff is a member of both the Class and the Tipped Subclass.

19.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay them overtime compensation at the rate of one and one-half times the regular rate of pay for hours worked in excess of forty (40) per workweek, (ii) improperly claiming a meal credit allowance, (iii) failing to pay spread-of-hours premium for each shift exceeding ten (10) hours in duration, (iv) failing to provide proper wage statements per requirements of the New York Labor Law and (v) failing to provide proper wage and hour notices per requirements of the New York Labor Law. With regard to Plaintiff and the Tipped Subclass, Defendants were not entitled to take any tip credits because they failed to properly provide tip credit notice to all tipped employees that Defendants were taking a tip credit, failed to provide tipped employees with wage statements indicating the total amount of tip allowance taken or the hourly rate of tip credit deduction, illegally retained a portion of tips earned by tipped employees and required tipped employees to spend at least two (2) hours or twenty percent (20%) of each shift worked performing non-tipped tasks.

20.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23.    Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     Whether Defendants employed Plaintiff and Class members within the meaning of the New York law;

(b)     What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c)     At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d)     Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

(e)     Whether Defendants paid Plaintiff and Tipped Subclass members the proper minimum wage under the New York Labor Law;

(f)     Whether Defendants provided proper notice to Plaintiff and Tipped Subclass members that Defendants were taking a tip credit;

(g)     Whether Defendants provided proper wage statements informing Plaintiff and Tipped Subclass members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

(h)     Whether Defendants took the proper amount of tip credit allowance from Plaintiff and Tipped Subclass members under the New York Labor Law;

(i)     Whether Defendants required Plaintiff and Tipped Subclass members to perform non-tipped work for more than 2 hours or 20 percent of their workday;

(j)     Whether Defendants kept daily records of tips earned by Plaintiff and the Tipped Subclass members;

(k)     Whether Defendants unlawfully retained a portion of tips earned by Plaintiff and the rest of the Tipped Subclass members;

(l)     Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law;

(m)     Whether Defendants took an invalid meal credit from Plaintiff and Class members' wages, in violation of New York Labor Law;

(n)     Whether Defendants paid Plaintiff and Class members the "spread of hours" premium as required by the New York Labor Law;

(o)     Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law; and

(p)     Whether Defendants provided proper wage and hour notices to Plaintiff and Class members per requirements of the New York Labor Law.

## STATEMENT OF FACTS

25.     In or around June 2008, Plaintiff ANTONIO ALDANA was employed by Defendants to work as a delivery person for Defendants' "Boon Thai" restaurant located at 681 Manhattan Avenue, Brooklyn, NY 11222. Plaintiff's employment was terminated in or around October, 2016.

26.     During the employment of Plaintiff ANTONIO ALDANA, he worked over forty (40) hours per week. During Plaintiff ANTONIO ALDANA's employment by Defendants, he regularly worked shifts that exceeded ten (10) hours in length each workweek.

27.     From approximately June 2008 until July 2016, Plaintiff's working hours included the following scheduled shifts: from 11:30 a.m. to 10:30 p.m., Mondays through Thursdays; from 11:30 a.m. to 11:00 p.m., on Fridays; from 12:00 p.m. to 11:00 p.m., on Saturdays; from 12:00 p.m. to 10:30 p.m., on Sundays; for a total of seventy-seven (77) hours per workweek.

28.     From approximately July 2016 until the end of his employment, Plaintiff's working hours included the following scheduled shifts: from 11:30 a.m. to 12:00 a.m., Mondays through Thursdays; from 11:30 a.m. to 12:00 a.m., on Fridays; from 12:00 p.m. to 12:00 a.m., on Saturdays; from 12:00 p.m. to 12:00 a.m., on Sundays; for a total of eighty-six and a half (86.5) hours per workweek.

29.     Throughout Plaintiff's employment, Defendants indiscriminately and automatically deducted $5.00 per workday as meal credit, regardless of whether Plaintiff or Class members ate the meal or not.

30.     Other FLSA Collective Plaintiffs, Class members were scheduled by Defendants to work similar hours, and they also suffered from Defendants' policy of improperly deducting meal credit from their wages.

31.     From the beginning of his employment until in or around June 2013, Plaintiff ANTONIO ALDANA received his compensation on a fixed salary basis, at a rate of $67.00 per workday. There was never any agreement that Plaintiff's fixed salary was intended to cover Plaintiff's overtime compensation.

32.     From in or around June 2013 until in or around July 2016, Plaintiff ANTONIO ALDANA received an tip credit minimum wage rate of $5.65 per hour, with a tip credit overtime rate. From in or around July 2016 until the end of his employment, Plaintiff ANTONIO ALDANA received an hourly rate of $6.67 per hour, with an tip credit overtime rate. Based on Plaintiff ANTONIO ALDANA's direct observations and conversations with other employees, other Tipped Subclass members received similar hourly rate below the prevailing minimum wage rate while Defendants were not entitled to take any tip credits under the FLSA or NYLL due to the reasons decribed below:

a) During their employment with Defendants, Plaintiff and other Tipped Subclass members did not receive proper notice that Defendants were claiming a tip credit. In addition, Plaintiff and Tipped Subclass members did not receive notice informing them that the tips they received must be retained by them except for a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that they actually received. Further, Defendants failed to provide proper wage statements informing Plaintiff and Tipped Subclass members of the amount of tip credit taken for each payment period.

b) During their employment with Defendants, Plaintiffs and other tipped employees were forced by management to participate in an invalid "tip pooling" scheme instituted by Defendants. From approximately June 2008 until July 2015, the period during which Defendant CHARLIE PENG was the owner, management retained 25% of tips earned by tipped employees. From approximately July 2015 until the end of Plaintiff's employment, the period during which Defendants SOMPOPE WANG SAROJ, BOON SAROJ and

NERAPHAN HEMMASIRI were the owners, management retained 15% of tips earned by tipped employees.

c) During their employment with Defendants, Plaintiff and other Tipped Subclass members were required to engage in various non-tipped activities, such as cleaning the restaurant, cleaning the kitchen, taking out the trash, preparing food, washing dishes, stocking food items, for at least two (2) hours or twenty (20) percent of their workday.

33.    At all relevant times, Defendants paid Plaintiff and other Tipped Subclass members below the prevailing minimum wage, in violation of the FLSA and NYLL. Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the FLSA and NYLL.

34.    At all relevant times, Defendants mandated an invalid "tip pooling" scheme in which Plaintiff and other Tipped Subclass members participated, and under such scheme owners retained a portion of tips earned by Plaintiff and other tipped employees, in violation of the FLSA and NYLL.

35.    At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation, in violation of the FLSA and NYLL.

36.    At all times relevant, Defendants deducted invalid meal credit from Plaintiff's and Class members' wages, in violation of the NYLL.

37.    At all times relevant, the workdays of Plaintiff and Class members regularly exceeded ten (10) hours per day. However, Defendants failed to pay Plaintiff and Class members the "spread of hours" premium as required by NYLL.

38.    At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage and hour notices or wage statements as required by NYLL. With respect to the Tipped Subclass, Defendants also failed to disclose the amount of tip credit claimed on their wage statements in each pay period.

39.    Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

40.    Plaintiff realleges and reavers Paragraphs 1 through 39 of this class and collective action Complaint as if fully set forth herein.

41.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

43.    At all relevant times, each of the Corporate Defendants had gross annual revenues in excess of $500,000.

44.    At all relevent times, Defendants had a policy and practice of failing to pay the statutory minimum wages to Plaintiff and other tipped employees for their hours worked.

45.    At all relevant times, Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

46.    At all relevant times, Defendants had a policy and practive of illegally retaining a portion of tips earned by Plaintiff and other tipped employees, in violation of the FLSA.

47.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and other tipped employees at the statutory minimum wage and allow Plaintiff and other tipped employees to retain all tips earned without deduction or retention, when Defendants knew or should have known such was due.

48.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the the statutory overtime premium of time and one-half for their hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due.

49.    Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

50.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

51.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime compensation and compensation for unlawfully retained tips, plus an equal amount as liquidated damages.

52.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

53.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

54.     Plaintiff realleges and reavers Paragraphs 1 through 53 of this class and collective action Complaint as if fully set forth herein.

55.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

56.     Defendants knowingly and willfully violated Plaintiff's and Tipped Subclass members' rights by failing to pay them the minimum wage required by the New York Labor Law. As factually described above, Defendants were not entitled to any tip credits under NYLL with respect to the Tipped Subclass.

57.     Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

58.    Defendants knowingly and willfully violated Plaintiff's and Tipped Subclass members' rights by illegally retaining a portion of tips intended for Plaintiff and Tipped Subclass members.

59.    Defendants knowingly and willfully violated Plaintiff's and Class members' rights by taking invalid meal credit from their wages, in violation of the New York Labor Law.

60.    Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay the spread-of-hours premium for each workday that exceeded ten (10) hours.

61.    Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class members, as required by New York Labor Law § 195(1).

62.    Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by New York Labor Law § 195(3).

63.    Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid overtime compensation, unlawfully retained tips, invalid meal credit deductions, unpaid spread-of-hours premium, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid minimum wage due under the FLSA and NYLL;

d.   An award of unpaid overtime compensation due under the FLSA and NYLL;

e.   An award of damages due to unlawful retention of tips due under the FLSA and NYLL;

f.   An award of damages due to invalid deductions of meal credit due under the NYLL;

g.   An award of unpaid spread-of-hours  premium due under the New York Labor Law;

h.   An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

i.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and overtime compensation, pursuant to the FLSA;

j.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, overtime compensation and spread-of-hours premium, pursuant to the NYLL;

k.   An award of liquidated and/or punitive damages as a result of Defendants' willful retention of tips, pursuant to the FLSA and NYLL;

l.    An award of liquidated and/or punitive damages as a result of Defendants' willful deductions of invalid meal credit, pursuant to the NYLL;

m.    An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

n.    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

o.    Designation of this action as a class action pursuant to F.R.C.P. 23;

p.    Designation of Plaintiff as Representative of the Class; and

q.    Such other and further relief as this Court deems just and proper.


## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:    September 19, 2017                    Respectfully submitted,

                                                                LEE LITIGATION GROUP, PLLC
                                                                C.K. Lee (CL 4086)
                                                                Anne Seelig (AS 3976)
                                                                30 East 39th Street, Second Floor
                                                                New York, NY 10016
                                                                Tel.: (212) 465-1188
                                                                Fax: (212) 465-1181
                                                                *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

                                        By:        */s/ C.K. Lee*
                                                                C.K. Lee, Esq.